626 F.2d 1029

**WASHINGTON–BALTIMORE NEWSPAPER GUILD, LOCAL 35, OF the NEWSPAPER GUILD, AFL–CIO–CLC, Appellant,**

v.

**The WASHINGTON POST COMPANY.**

No. 79–1550.

United States Court of Appeals, District of Columbia Circuit.

Argued March 14, 1980.

Decided May 7, 1980.

Alan D. Eisenberg, Arlington, Va., for appellant.

Richard C. Hotvedt, Washington, D.C., with whom Kenneth F. Hickey and Michael F. Healy, Washington, D.C., were on the brief, for appellee.

Before MacKINNON, ROBB and WALD, Circuit Judges.

Opinion for the Court filed by Circuit Judge MacKINNON.

**MacKINNON, Circuit Judge:**

For the reasons set forth in the district court's Memorandum Opinion of April 3, 1979 (J.A. 356a–362a) we affirm the dismissal of the Appellant's (Washington-Baltimore Newspaper Guild) petition to adjudge Appellee (The Washington Post Company) in civil contempt. Appellant is attempting by every conceivable means to bring issues to arbitration which are more appropriately the subject of collective bargaining between the parties, at least within the context of the facts of this case. The Court is cognizant of the long period of bargaining that elapsed between the 1974 contract's expiration on March 31, 1976, and the execution in 1979 of the new contract.

This Court, like the district court, is confined to the narrow issue of whether Appellee violated the district court's November 15, 1977 order by not agreeing to arbitrate disputes over various issues [1] that allegedly were covered by the then expired contract. The 1977 order held, in part, that the arbitration clause of the expired contract was a term of the contract that remained operational after the expiration of the contract.[2] It directed the Appellee to arbitrate all grievances within the meaning of Article XX of the contract. *Washington-Baltimore Newspaper Guild v. Washington Post Co.*, 442 F.Supp. 1060 (D.D.C.1977). However, the court's opinion only discussed arbitration as it applied to the then pending employee discharge disputes.

When in the instant case the Appellant demanded arbitration of disputes other than employee discharges, the Appellee refused on the basis that the 1977 order only covered similar employee discharge disputes. Appellant petitioned on November 9, 1978 to have Appellee adjudged in civil

---

1. The disputes before the district court included dues check-off, union security, health and welfare fund payments, and cost-of-living increases. All but the health and welfare fund issue are before this Court.

2. Article XX of the expired contract provides: (2) Any matter arising from the application of this Agreement, which the Guild and The Post have not been able after reasonable effort to settle, shall be submitted to arbitration, upon notice of either party to the other, under the Voluntary Labor Arbitration rules then obtaining of the American Arbitration Association.
Article XXI(3) of that contract reads:
If an agreement has not been reached upon the date this Agreement expires, the terms of this Agreement shall govern during the continuance of negotiations.

contempt (J.A. 154a–80a). On April 3, 1979 the district court held that the 1977 order did not go beyond disputes of such character, and thus dismissed the petition. (J.A. 355a–62a).

■ The petitioner in a civil contempt case has a heavy burden of proof, often described as proof by "clear and convincing evidence", that the respondent violated the court's prior order. *Schauffler v. Local 1291, International Longshoremen's Ass'n,* 292 F.2d 182, 189–90 (3d Cir. 1961). On appeal, the petitioner must prove that the trial judge abused his discretion in refusing to order civil contempt. *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 226 (10th Cir. 1979). We find no such abuse of discretion. Even though the Court is aware of the presumption of arbitrability,[3] with all doubts being tipped in favor of arbitration, that presumption still does not demand that we read into the Court's 1977 order that which clearly was not intended to be there, nor to find that the trial judge abused his discretion by interpreting his prior order in that limited fashion. Even though the order portion of the 1977 opinion states that "all grievances" shall be arbitrated, we find it far more reasonable to conclude that the 1977 order covered only grievances of the same character that were factually before the court at that time. The Third Circuit was faced with a similar problem when it declared that

> [a] blanket injunction in the language of the arbitration clause places in the hands of the successful § 301 plaintiff a weapon by which harassment by contempt citations may take the place of the normal ongoing collective bargaining process. No § 301 defendant should be subjected to that risk.

*United States Steel v. United Mine Workers,* 534 F.2d 1063, 1078 (3d Cir. 1976). We agree with the district court that its 1977 order only covers the arbitration of employee discharge disputes and affirm its decision dismissing the petition to adjudge the Post

in civil contempt. This makes it unnecessary to discuss the further *res judicata* point that the basic issues in this proceeding were previously decided when the district court on September 13, 1978 and October 3, 1978 denied the Union's petition to adjudge the Post in civil contempt and, after that was denied, its motion to alter or amend the Order of September 13, 1978.

*Judgment accordingly.*

---

**3.** *See United Steelworkers of America v. Gulf Navigation Co.,* 363 U.S. 574, 584, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).