722 F.2d 723
 84-1 USTC P 9146
 UNITED STATES of America and Billy R. Majure, Revenue Agent,
Internal Revenue Service, Plaintiffs-Appellants,
v.
John E. HAYES, Defendant-Appellee.
 No. 82-8703.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 13, 1984.
 
 Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, Charles E. Brookhart, William A. Whitledge, Dept. of Justice, Washington, D.C., for plaintiffs-appellants.
 John M. Sikes, Jr., Gary E. Snyder, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before ANDERSON and CLARK, Circuit Judges, and DUMBAULD*, District Judge.
 PER CURIAM:
 
 
 1
 On September 10, 1982, the United States District Court for the Northern District of Georgia determined that appellee John Hayes was not in civil contempt for his failure to comply with a previous court order commanding production of certain documents requested by the Internal Revenue Service.[1] The court's ruling accepted Hayes' assertion that he was unable to comply with the order because he lacked control over the material in question.[2] We vacate the finding that he was not in contempt and remand for further proceedings.
 
 I.
 
 2
 Hayes created grantor trusts for American investors. As "trustee" he would then invest the trust assets in one of several Panamanian partnerships formed to engage in commodity trading. In each case, Hayes would name Frederick Thom, a Swiss resident, to serve as managing partner of the particular partnership. Manipulation of the partnership assets would result in paper losses which could be passed through, as tax deductions, to the American investors.
 
 
 3
 The IRS, seeking disclosure of information pertinent to tax shelters sold and managed by Hayes, served him with two summonses in July, 1980.[3] After it appeared that Hayes would not honor the summonses, the district court, on August 11, 1981, ordered him to produce the requested documents.[4] Hayes partially complied with the order, but he did not provide information relating to the foreign partnership agreements.
 
 
 4
 Because of Hayes' refusal to produce the partnership records, the district court, on March 12, 1982, ordered him to show cause why he should not be held in contempt of court for violating the August 11 order. At a subsequent hearing, Hayes claimed that the records were in Switzerland and that Thom, because of concern over a separate tax investigation, would not release them. He testified that he had made two trips to Switzerland to ask Thom for the documents. Stanley Smith, an attorney interested in the records for other purposes, also testified to similar problems he had encountered in communicating with Thom about their release. The IRS argued that Hayes was able to comply, but that he had failed to exercise his control over Thom, pursuant to the partnership agreement, to ensure cooperation with the court order.
 
 
 5
 By order of September 10, 1982, the trial court found that Hayes was not in contempt of court.[5] In its findings of fact, the court held that it was "not proven that Hayes had or has any legal means of forcing Frederick Thom to produce documents ...." It further found that the IRS had not rebutted Hayes' claim that he had made "substantial good faith efforts" to obtain the documents. The court therefore ruled that because "the evidence indicates that [Hayes] made some effort to comply with the summons," he could not be found in contempt. This appeal followed.[6]
 
 II.
 
 6
 A party petitioning for a civil contempt finding must prove by clear and convincing evidence that the respondent violated a court order. Northside Realty Associates v. United States, 605 F.2d 1348, 1352 (5th Cir.1979).[7] Once a prima facie showing of violation has been made, the respondent can defend his failure on the grounds that he was unable to comply. Maggio v. Zeitz, 333 U.S. 56, 75-76, 68 S.Ct. 401, 411-412, 92 L.Ed. 476 (1948). To succeed on this defense, however, the respondent must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim. United States v. Rylander, --- U.S. ----, ----, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521, 528 (1983). In this circuit, a party under court order to produce documents has "a duty to make in good faith all reasonable efforts to comply." United States v. Rizzo, 539 F.2d 458, 465 (5th Cir.1976) (quoting United States v. Ryan, 402 U.S. 530, 534, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)).[8] Thus, unless a respondent introduces some evidence to suggest that he has made all reasonable efforts to comply, his claimed inability to produce will not rebut the prima facie showing of non-compliance.
 
 
 7
 In this case, the IRS met its prima facie burden by showing that Hayes had not complied with the August 12, 1981 order to produce. The district court, however, improperly held that Hayes could not be found guilty of contempt because "the evidence indicate[d] that he made some effort to comply with the summons." Even if the efforts he did make were "substantial," "diligent" or "in good faith," as the court so characterized them in other sections of its order, the fact that he did not make "all reasonable efforts," United States v. Rizzo, 539 F.2d at 465, establishes that Hayes did not sufficiently rebut the IRS' prima facie showing of contempt. The court's use of a "some effort" standard for measuring the strength of Hayes' defense was, therefore, an abuse of discretion.
 
 
 8
 The application of an improper test was not a mere technical error under these circumstances. While Hayes may have been diligent in going to Switzerland to ask Thom for the documents, the record of the contempt hearing clearly indicates that other avenues for obtaining the material were never explored. Following Thom's refusal, Hayes did not take any steps pursuant to the partnership agreements to either remove Thom as manager or otherwise compel disclosure.[9] Hayes apparently did not even try to determine what legal rights he, as trustee, had against Thom under the partnership contracts, nor did he consult with an attorney about the problem. When asked if he had ever told Thom that he would take steps to see that the documents were released, Hayes emphatically replied that he had not. Hayes' failure to do anything other than ask Thom for the records demonstrates that "all reasonable efforts" were not made. He cannot carry his burden of producing evidence to rebut the prima facie showing of noncompliance merely by adducing evidence that he has requested the documents (even diligent requests involving trips to Switzerland), when it appears that he has greater leverage at his disposal.
 
 
 9
 We note generally that the obedience of judicial orders is of paramount importance and that courts do not lightly excuse a failure to comply. In the case of In re Grand Jury Proceedings. United States v. Bank of Nova Scotia, 691 F.2d 1384 (11th Cir.1982), a bank served with a subpoena duces tecum by a federal grand jury refused to produce documents, claiming that production would violate Bahamian law. This court upheld the district court's civil contempt order, concluding that the inevitability of conflict between laws of different countries did not excuse one who chooses transnational commercial operation from compliance with United States law. Id. at 1391. Although the extent of efforts needed to comply will vary with the circumstances, see, e.g., In re Westinghouse Elec. Corp. Uranium Contracts Litigation, 563 F.2d 992, 997 (10th Cir.1977), we are satisfied that, in this case, Hayes has not adduced sufficient evidence to indicate an inability to produce the requested documents.[10]
 
 III.
 
 10
 Because the district court applied an erroneous legal standard, and because the record shows that Hayes did not make "all reasonable efforts" to obtain partnership records in the possession of Frederick Thom, we vacate the district court's judgment and remand for further proceedings.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 Hon. Edward Dumbauld, Sr., U.S. District Court Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Billy R. Majure, the individual named appellant in this action, was the particular IRS agent who sought the disclosure from Hayes
 
 
 [2]
 As will be explained below, Hayes did partially comply with the court order. This appeal only concerns his failure to produce foreign partnership records
 
 
 [3]
 The summonses were issued pursuant to 26 U.S.C.A. Secs. 7609(f) & (h) (West Supp.1983)
 
 
 [4]
 The district court is granted jurisdiction to enforce summonses issued under Internal Revenue laws by 26 U.S.C.A. Sec. 7604 (West 1967)
 
 
 [5]
 An order denying a petition for civil contempt in this circumstance is appealable as a final order under 28 U.S.C. Sec. 1291. See, e.g., Matter of Newton, 718 F.2d 1015, (11th Cir.1983); Washington-Baltimore Newspaper v. Washington Post Co., 626 F.2d 1029 (D.C.Cir.1980)
 
 
 [6]
 The standard of review on appeal from a denial of civil contempt is whether the district court abused its discretion. Matter of Newton, 718 F.2d 1015, (11th Cir.1983)
 
 
 [7]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209
 
 
 [8]
 Other courts have adopted different formulations when discussing what efforts to comply will be required of a party before it can maintain a defense of "inability." See, e.g., Sidney v. McDonald, 536 F.Supp. 420, 424 (D.C.Ariz.1982) (respondent must have taken "all reasonable steps within its power"); O'Leary v. Moyer's LandFill, Inc., 536 F.Supp. 218, 220 (E.D.Pa.1982) (respondent must exhaust "all reasonable avenues" for compliance); Babee-Tenda Corp. v. Scharco Mfg. Co., 156 F.Supp. 582, 587 (S.D.N.Y.1957) (respondent "required to take energetic steps to see that the orders of the court were carried out")
 
 
 [9]
 Our reading of the record satisfies us that Hayes had the ability, as the principal or sole partner in the foreign partnerships, to exercise substantial control over Thom, whom he had appointed as manager. Although the record on appeal contains only discussion of the relevant contracts and not the documents themselves, Hayes does not dispute the fact that he had some power to remove Thom as manager
 
 
 [10]
 Concerning the second issue raised on appeal, the government has not made a sufficient showing to warrant a finding that the district court abused its discretion in sealing the record in this case