Mary MORGAN, et al., Plaintiffs,

v.

Marion S. BARRY, et al., Defendants.

Civ. A. No. 81–1419.

United States District Court, District of Columbia.

Oct. 26, 1984.

Nina Kraut, and Joan Gauche, Edward Rosenthal, Washington, D.C., for plaintiffs.

Martin Grossman, Asst. Corp. Counsel, and Arthur Spitzer, American Civil Liberties Union of National Capital Area, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Presented for the Court's consideration is Plaintiffs' Motion for an Order to Show Cause why Defendants should not be held in contempt of this Court's Order of July 22, 1981 (*Morgan* Order). The *Morgan* Order directed, among other things, that the District of Columbia not conduct strip or squat searches of female police cases housed at the District of Columbia Detention Facility in the absence of a "reasonable suspicion that a weapon, contraband or evidence of a crime are concealed on the person or in the clothing of the arrestee which the District or its agents reasonably believe can only be discovered by a strip or squat search."

Plaintiff Concepcion Picciotto was arrested on Saturday, September 24, 1983 for allegedly camping at Lafayette Park without a permit and therefore in violation of 36 C.F.R. § 50.27 (1983). It is undisputed that following her arrest, Plaintiff was taken to the Detention Facility and, upon notice of a home-made "helmet" worn under a wig and a suspicious bulge in the crotch area of her clothing, forced to submit to a strip and squat search. The question presented for the Court's consideration is whether the search violated the *Morgan* Order and, if so, whether the single violation constitutes grounds for a finding of contempt.

An adjudication of contempt is a drastic remedy; therefore, a heavy burden of proof is placed upon the movant. The movant in a civil contempt proceeding must

demonstrate by "clear and convincing evidence" that the court's order has been violated. *Washington-Baltimore Newspaper v. Washington Post*, 626 F.2d 1029 (D.C. Cir.1980). Civil contempt does not exist to punish the contemnor or to vindicate the Court's integrity. It exists as a "remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance." *N.L.R.B. v. Blevins Popcorn, Co.*, 659 F.2d 1173, 1184 (D.C.Cir.1981). There are three stages to civil contempt proceedings. First, the Court must issue of an order; in this instance the operative order is the *Morgan* Order. Secondly, following disobedience of that order, there is the issuance of a conditional order finding contempt and threatening to impose a specified penalty unless the recalcitrant party complies with purgation conditions. Finally, should the party fail to purge itself of contempt, exaction of the threatened penalty is the final stage. *Id.*

Plaintiff requests that Defendants be adjudged in contempt and that the Court award her compensatory damages. Defendants contend that they are not in contempt of the *Morgan* Order because there was a "reasonable suspicion" that Plaintiff had concealed contraband on her person. Alternatively, Defendants contend that this single incident, should it constitute a violation of the *Morgan* Order, should not prompt the Court to find contempt. It is Defendants' position that a "pattern or customary practice" of strip and squat searches must exist before the Court renders a finding of the drastic sanction of contempt.

 There is no question that Plaintiff was forced to submit to a strip and squat search. However, the fact of the search does not alone constitute a violation of the *Morgan* Order. Since Plaintiff does not contest the fact of a suspicious bulge in her clothing, the Court finds that there was reasonable cause for the search. By its very terms, the *Morgan* Order is not violated when a search is conducted because of an arrestee's suspicious appearance.

Moreover, Defendants' claim of "substantial compliance" with the *Morgan* Order is a defense to a charge of contempt. There is no evidence that Defendants have continued to conduct strip searches of female police cases following the *Morgan* Order. In the absence of such evidence, the Court declines to find civil contempt. However, the Court notes that Defendants' records of the searches conducted of female arrestees do not reflect any standardized procedure. The exhibits submitted by Plaintiffs show that the log books recording searches are sketchy and kept in a scribbled fashion. The records kept are therefore inadequate to allow Plaintiffs, or the Court, to discern whether a pattern of violation has occurred.

The Court cannot oversee the Defendants' compliance with the *Morgan* Order if more accurate and descriptive records are not kept. Therefore, Defendants will be directed to reflect in its log books more specific descriptions of the searches conducted. At least the name of the arrestee, the nature of any search (e.g., pat-down, strip or squat), the property found, the property confiscated, if any, the date, time and persons present at the search should be reflected. Defendants shall make the log books available for inspection, upon request, by Plaintiffs' counsel or their designee on a monthly basis for a period of one year from the date of this Order.

Finally, the Court notes that whether or not items were found or confiscated is not relevant; Plaintiff's unusual wig and the suspicious bulge in her clothing provided a "reasonable suspicion" sufficient to justify the search. In addition, contrary to Plaintiff's assertions, the log books cannot form the basis for a finding of contempt. Since the *Morgan* Order is ambiguous with respect to the detail of the log books, the Court must be wary of imposing a contempt sanction. *Marshall v. Local Union No. 639*, 593 F.2d 1297, 1303 (D.C.Cir.1979). Therefore, Plaintiff's request for an order of contempt shall be denied.