36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Carlos M. MOORE, Appellant.
 No. 93-3134.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 28, 1994.
 
 Before: SILBERMAN, SENTELLE, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after dispostion of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant, Carlos M. Moore, appeals his conviction of possession with intent to distribute five grams or more of cocaine base. See 21 U.S.C. Secs. 841(a)(1) & 841(b)(1)(B)(iii). He contends that the district court erred in denying his motion to suppress evidence seized from his person following his arrest for operating a motor vehicle without a permit, in violation of D.C.Code Sec. 23-581(a)(1)(B). Having abandoned any challenge to the lawfulness of his arrest, appellant's remaining contention in this court is that the search was unreasonable under the Fourth Amendment because it was conducted in violation of the strict requirements for strip searches under D.C. Metropolitan Police Department special and general orders.[1] We affirm.
 
 I.
 
 5
 Officer Sims testified that following his arrest of appellant at 10:55 p.m. on December 7, 1992, in the unit block of New York Avenue, N.E., he frisked appellant for weapons, found none, and then handcuffed him. Sims issued two citations to appellant for operating a vehicle without lights and without a permit. Officer Sims further testified that once appellant had been arrested and handcuffed, he would be booked at the police station, extensively searched, and then released upon presenting identification and collateral. As Sims handcuffed appellant, two other police officers arrived, called for a transport, and checked the tag on the van that appellant had been driving. The sergeant also searched the vehicle for weapons and saw a small box containing what appeared to be drug paraphernalia.
 
 
 6
 As they waited for a transport to arrive, appellant kept repeating that he had been on his way to headquarters to pick up a dispatcher. Sims testified that the sergeant thought appellant appeared nervous, and that he then noticed an "enormous" bulge in appellant's groin area. When appellant failed to respond verbally to the sergeant's question, "What is that?", the sergeant felt the bulge and determined that it was not part of appellant's body or a weapon. The sergeant then opened appellant's pants and found inside his crotch area a clear plastic bag with five medium-sized bags containing a white rock-like substance, which field-tested positive for crack-cocaine. At the time of his arrest, appellant was wearing jeans with sweatpants underneath. Appellant testified that the drugs had been behind his testicles and that the shirt tucked into his pants had created the bulge.
 
 
 7
 The district court credited the officer's testimony and concluded that:
 
 
 8
 [t]he nature of [the] search does not seem to the Court to be so outrageous as to amount to some type of a constitutional violation. [The court finds] nothing so unconscionable as once [the sergeant is] alerted to the potential of something in [appellant's] pants, to checking that out at the scene rather than having him transported to the station, when it could be some weapon or other contraband that could be disposed of ... in the transport vehicle....
 
 
 9
 We find no error by the District Court in denying appellant's motion to suppress. See United States v. Robinson, 414 U.S. 218, 235 (1973). Appellant's reliance on Washington v. United States, 594 A.2d 1050 (D.C.1991), is misplaced. Washington involved an invasive and forceful body cavity search. The District of Columbia Court of Appeals referred to the police orders in support of its conclusion that so highly intrusive a search requires correspondingly heightened levels of protection. See id. at 1052-53. By contrast, the scope and nature of the search in the instant case was narrow, confined to the area of the sergeant's concern. Although appellant's pants were loosened, they were not pulled down or removed. Thus, whether or not the limited field search of appellant was in accord with the Special Order on strip searches,[2] the district court could properly conclude that the search was reasonable.
 
 
 10
 Accordingly, we affirm the judgment of conviction.
 
 
 
 [1]
 Special Order, Series 85, No. 51, Searching Prisoners (Dec. 18, 1985) (defining a "strip search" and specifying certain procedures such as obtaining watch commander authorization and detailing the search in a written log); General Order, Series 502, No. 1, Processing Prisoners, Parts 1B (conducting searches at police facilities) & 1C (use of handcuffs). See also Washington v. United States, 594 A.2d 1050, 1052 n. 1 (D.C.1991) (referring to the Special Order in a case involving a strip and body cavity search at police station by arresting officers); Morgan v. Barry, 596 F.Supp. 897 (D.D.C.1984) (involving strip searches of female prisoners at the D.C. Detention Center)
 
 
 [2]
 By its terms, General Order, Series 502, No. 1, Part IB at 2, in inapplicable to field seaches