## UNITED STATES *v.* RYAN

No. 758.   Argued April 26, 1971—Decided May 24, 1971

BRENNAN, J., delivered the opinion for a unanimous Court.

*Jerome M. Feit* argued the cause for the United States. With him on the briefs were *Solicitor General Griswold, Assistant Attorney General Wilson,* and *Philip R. Monahan.*

*Herbert J. Miller, Jr.,* argued the cause for respondent. With him on the brief were *Raymond G. Larroca* and *Nathan Lewin.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

In March of 1968, respondent was served with a subpoena *duces tecum* commanding him to produce before a federal grand jury all books, records, and documents of five named companies doing business in Kenya. He moved, on several grounds, to quash the subpoena. The District Court denied the motion to quash and, in light of respondent's claim that Kenya law forbids the removal

of books of account, minute books, and lists of members from the country without consent of its Registrar of Companies, ordered him to attempt to secure such consent and, if unsuccessful, to make the records available for inspection in Kenya.[1] The Court of Appeals, 430 F. 2d 658 (CA9 1970), held that by directing respondent to make application to a Kenyan official for release of some of the records, the District Court had done "more than deny a motion to quash; it in effect granted a mandatory injunction." *Id.*, at 659. The Court of Appeals therefore concluded that the order was appealable under 28 U. S. C. § 1292 (a)(1)[2] and, reaching the merits, reversed.

---

[1] The District Court ordered that:

"I. The motion of [respondent] to quash the subpoena *duces tecum* is denied.

"II. [Respondent] will produce, with the exception of the books of account, minute books and the list of members, before the Federal grand jury at Los Angeles, California, on September 11, 1968, the books, records, papers and documents of Ryan Investment, Ltd., of Nairobi, Kenya, and Mawingo, Ltd., of Nanyuki and Nairobi, Kenya, doing business as The Mount Kenya Safari Club, referred to in the . . . subpoena *duces tecum* served on [respondent].

"III. [Respondent] shall forthwith make application to the Registrar of Companies in Kenya to release the books of account, minute books, and list of members so that [respondent] may produce these books, records, papers and documents at the Federal grand jury held at Los Angeles, California, on September 11, 1968, provided that if [respondent] is unable to secure the consent of the Registrar of Companies of Kenya, then [respondent] will make available to agents of the United States Department of Justice and/or the United States Department of the Treasury the books of account, minute books, and list of members, of Ryan Investment, Ltd., and Mawingo, Ltd., and these agents may inspect and make copies of these books and records." App. 63–64.

[2] The statute provides, in pertinent part, that: "The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions . . . ."

*Ibid.* We granted certiorari, 400 U. S. 1008 (1971). We conclude that the District Court's order was not appealable, and reverse.

Respondent asserts no challenge to the continued validity of our holding in *Cobbledick* v. *United States,* 309 U. S. 323 (1940), that one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey. Respondent, however, argues that *Cobbledick* does not apply in the circumstances before us because, he asserts, unless immediate review of the District Court's order is available to him, he will be forced to undertake a substantial burden in complying with the subpoena, and will therefore be "powerless to avert the mischief of the order." *Perlman* v. *United States,* 247 U. S. 7, 13 (1918).

We think that respondent's assertion misapprehends the thrust of our cases. Of course, if he complies with the subpoena he will not thereafter be able to undo the substantial effort he has exerted in order to comply.[3] But compliance is not the only course open to respondent. If, as he claims, the subpoena is unduly burdensome or otherwise unlawful, he may refuse to comply and litigate those questions in the event that contempt or similar proceedings are brought against him. Should his contentions be rejected at that time by the trial court, they will then be ripe for appellate review.[4] But we have

---

[3] In such event, of course, respondent could still object to the introduction of the subpoenaed material or its fruits against him at a criminal trial. *United States* v. *Blue,* 384 U. S. 251, 255 (1966).

[4] *Walker* v. *Birmingham,* 388 U. S. 307 (1967), is not to the contrary. Our holding that the claims there sought to be asserted were not open on review of petitioners' contempt convictions was based upon the availability of review of those claims at an earlier stage.

consistently held that the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal. *Cobbledick* v. *United States, supra; Alexander* v. *United States,* 201 U. S. 117 (1906); cf. *United States* v. *Blue,* 384 U. S. 251 (1966); *DiBella* v. *United States,* 369 U. S. 121 (1962); *Carroll* v. *United States,* 354 U. S. 394 (1957). Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle. We have thus indicated that review is available immediately of a denial of a motion for the return of seized property, where there is no criminal prosecution pending against the movant. See *DiBella* v. *United States, supra,* at 131–132. Denial of review in such circumstances would mean that the Government might indefinitely retain the property without any opportunity for the movant to assert on appeal his right to possession. Similarly, in *Perlman* v. *United States,* 247 U. S., at 12–13, we allowed immediate review of an order directing a third party to produce exhibits which were the property of appellant and, he claimed, immune from production. To have denied review would have left Perlman "powerless to avert the mischief of the order," *id.,* at 13, for the custodian could hardly have been expected to risk a citation for contempt in order to secure Perlman an opportunity for judicial review. In the present case, however, respondent is free to refuse compliance and, as we have noted, in such event he may obtain full review of his claims before undertaking any burden of compliance with the subpoena.

*Perlman,* therefore, has no application in the situation before us.

Finally, we do not think that the District Court's order was rendered a temporary injunction appealable under 28 U. S. C. § 1292 (a)(1) by its inclusion of a provision requiring respondent to seek permission from the Kenyan authorities to remove some of the documents from that country, and in the event that permission was denied to permit Government officials access to the documents in Kenya. The subpoena, if valid, placed respondent under a duty to make in good faith all reasonable efforts to comply with it, and respondent himself had asserted that compliance would be in violation of Kenya law unless permission to remove was properly obtained. Read against this background, the District Court's order did nothing more than inform respondent before the event of what efforts the District Court would consider sufficient attempts to comply with the subpoena. We cannot imagine that respondent would be prosecuted for contempt if he produced the documents as required but without attempting to obtain permission from the authorities in Kenya. The additional provisions in the order added nothing to respondent's burden and, if anything, rendered the burden of compliance less onerous. They did not convert denial of a motion to quash into an appealable injunctive order.

*Reversed.*