**UNITED STATES of America, Plaintiff,**

v.

**W. A. BOYLE et al., Defendants.**
**Crim. No. 346–71.**

United States District Court, District of Columbia.

Sept. 27, 1971.

Thomas Henderson, Jr., Dept. of Justice, Washington, D. C., for government.

Charles Michael Tobin, Arthur J. Hilland, Washington, D. C., for defendants.

## OPINION AND ORDER

RICHEY, District Judge.

This case came before the Court on the Motion of the defendants, by their attorneys, for an Interlocutory Appeal from this Court's decision handed down on September 27, 1971, in which the Court granted the Government's Motion to Quash the Subpoenas Duces Tecum.

The defendants base their motion on 28 U.S.C. § 1292 (1970). The Court has given full consideration of the law surrounding such a motion and determines that in the instant case said motion should be denied. The United States Supreme Court has consistently insisted on finality and has prohibited piecemeal review in order to discourage undue litigiousness and leaden-footed administration of justice, which is especially damaging to the conduct of criminal cases. See United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Di Bella v. United States, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed. 2d 614 (1962); Cobbledick v. United States, 309 U.S. 323, 324–326, 60 S.Ct.

540, 84 L.Ed. 783 (1940). The Court in its examination of the case law on this question has noticed that Congress has recognized the necessity of exceptions for interlocutory orders in certain types of proceedings "where the damage of error unreviewed before the judgment is definitive and complete \* \* \* has been deemed greater than the disruption caused by intermediate appeal." Di Bella v. United States, *supra*, 369 U.S. at 124–125, 82 S.Ct. at 657. However, every one of these exceptions applies solely to civil actions. Di Bella v. United States, supra, at 126, 82 S.Ct. 654. Furthermore, the Court's examination of 28 U.S.C. § 1292 (1970) substantiates its conclusion and the conclusion of the overwhelming authority of the case law, that the section is intended to apply to civil actions only.

■ In a recent United States Supreme Court decision, United States v. Ryan, *supra*, the Court reaffirmed its holdings in *Di Bella* and *Cobbledick*, and stated:

> Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims have we allowed exceptions to this principle. *Id.*, 91 S.Ct. at 1582.

The Court feels that the defendants will still be able to have the Court of Appeals review the final judgment in the case. Therefore it finds that the defendants do not qualify under any of the exceptions announced by the Supreme Court in its various opinions.

Finally, it appears to the Court that the granting of this Motion would cause an unnecessary and unreasonable delay which is "especially inimical to the effective and fair administration of the criminal law." Di Bella v. United States, *supra*, 369 U.S. at 126, 82 S.Ct. at 658.

Based on the foregoing, the defendant Boyle's request for leave to file an Interlocutory Appeal be and hereby is denied.