In re GRAND JURY PROCEEDING.

MEADOWBROOK HOSPITAL INC., et al., Appellants,

v.

UNITED STATES of America, Appellee.

No. 75–3618

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 19, 1976.

---

* Rule 18, 5 Cir.; *See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir., 1970, 431 F.2d 409, Part I.

**984**

Benjamin E. Smith, New Orleans, La., for appellants.

Gerald J. Gallinghouse, U. S. Atty., Don M. Richard, Asst. U. S. Atty., New Orleans, La., for appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

On August 14, 1975, appellant Meadowbrook Hospital, Inc., through its president, appellant Dr. Evers, was required pursuant to a subpoena duces tecum to produce certain medical records before the United States Grand Jury for the Eastern District of Louisiana. Appellants filed with the district court a motion to quash the subpoena, arguing that the required production would contravene doctor-patient privileges and the fifth amendment privilege against self-incrimination. After a hearing, the district court denied the motion to quash. Appellants then petitioned this court for a writ of mandamus, asking *inter alia* for an order suppressing all evidence required to be delivered under the subpoena. This Court denied the petition and denied the motion for the suppression order "without prejudice to petitioners' right to move for suppression of evidence, should the petitioners be indicted." Appellants produced the documents before the grand jury and now seek appellate review of the district court's denial of the motion to quash.

Although the parties have not considered it, we are bound to ask as a threshold question whether an order denying a motion to quash a subpoena duces tecum directing a witness to appear before a grand jury is included within those "final decisions" in the district court which alone the circuit courts of appeal are authorized to review [under 28 U.S.C. § 1291].

*Cobbledick v. United States*, 1940, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783, 784. *Cobbledick* answered that question in the negative, and that case is controlling precedent. The *Cobbledick* holding has been reaffirmed in *United States v. Ryan*, 1971, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85. The general rule, then, is that the denial of a motion to quash a grand jury subpoena duces tecum is not an appealable order.

This rule is subject to certain narrow exceptions, chiefly in the "limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims," *United States v. Ryan, supra*, 402 U.S. at 533, 91 S.Ct. at 1582, *distinguishing Perlman v. United States*, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950.[1] In the case before us, it appears that the *Perlman* exception is inapplicable. Like *Ryan*, and unlike *Perlman* (where the subpoenaed exhibits were in the custody of a third party), this case presents a situation in which the unsuccessful movants had the option of refusing to comply with the subpoena, thus preserving the right to litigate the lawfulness of the subpoena in contempt proceedings, if such were brought. As noted in our order denying the petition for a writ of mandamus, these claims might also be reviewed through a motion to suppress in the event the petitioners were indicted. The appellate briefs from both sides indicate that the Government will seek no criminal indictment in this case, and that all the original records have been

---

1. *See also United States v. Nixon*, 1974, 418 U.S. 683, 690–92, 94 S.Ct. 3090, 3098, 41 L.Ed.2d 1039, 1053–55. The *Nixon* Court found another limited exception to the general rule in order to avoid an extended constitutional confrontation between two branches of government. With due respect to Dr. Evers, his troubles do not rise to this magnitude.

returned to the appellants,[2] but that the Government intends to proceed with a civil fraud suit. Should such a civil suit be instituted, and should the Government seek to use these records as evidence, appellants will be free to move to suppress the evidence on the grounds urged before us now. We express no opinion on the merits of these claims: we hold only that the district court's denial of the motion to quash in this case is not an appealable order. The appeal is dismissed for want of jurisdiction.

Appeal dismissed.

**2.** The return of the documents renders inapposite the following language from *Ryan*:
We have thus indicated that review is available immediately of a denial of a motion for the return of seized property, where there is no criminal prosecution pending against the movant. See *DiBella v. United States* [1962, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614].

402 U.S. at 533, 91 S.Ct. at 1582. *See also VonderAhe v. Howland,* 9 Cir. 1975, 508 F.2d 364, 368.

