561 F.2d 109
 In re Grand Jury Subpoena for Appearance of Patrick FALTICO
before Grand Jury.
AMERICAN MEAT PROCESSORS ASSOCIATION, Agency Associates,
Inc., American Employment Services, Inc., Falcon
Equipment Corporation and National
Management Systems, Inc., Appellants,
v.
UNITED STATES of America, Appellee.
 No. 76-2055.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1977.
Decided June 1, 1977.
Rehearing and Rehearing En Banc Denied Aug. 24, 1977.
 
 James R. Wyrsch, Kansas City, Mo., for appellants.
 William A. Keefer, U. S. Dept. of Justice, Kansas City, Mo., for appellee; Kurt P. Schulke and Bert C. Hurn, U. S. Atty., Kansas City, Mo., on brief.
 Before VOGEL, Senior Judge, and LAY and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court[1] denying a motion to quash or modify a federal grand jury subpeona duces tecum.[2] We affirm.
 
 
 2
 On September 1, 1976, Kurt Schulke, a special attorney for the Department of Justice, issued without prior specific authorization of the grand jury, a subpoena duces tecum requiring Patrick Faltico to produce before the grand jury on September 14, 1976:
 
 
 3
 All records (a) of ownership, both legal or beneficial, in trust, or through nominee; (b) of investment or capital contribution; (c) of debts or financial obligations outstanding or satisfied or otherwise cancelled; (d) reflecting all officers, agents or employees; (e) reflecting location and identifying number of all bank accounts; (f) of all funds expended by cash or otherwise, including original cancelled checks, bills, supporting vouchers or other payment documents within your possession, custody or control, in an individual or representative capacity, reflecting or relating to the businesses known as American Meat Processors Association, 2545 East Gregory Blvd., Kansas City, Missouri; Agency Associates, Inc., 916 Walnut Street Building, Suite 400, Kansas City, Missouri; American Employment Service, Inc., 2555 E. Gregory Blvd., Kansas City, Missouri; Falcon Equipment Corporation or Falcon Enterprises, Inc., Kansas City, Missouri and National Management Systems, Inc., 916 Walnut Street Building, Kansas City, Missouri, Suite 400, for the period of time January 1, 1973, to December 31, 1975.
 
 
 4
 Faltico and appellants, the five businesses named in the subpoena, moved to quash, or, in the alternative, modify the subpoena. After an evidentiary hearing and the submission of in camera material, the district court denied the motion.
 
 
 5
 The principal contention on appeal is that the subpoena compels American Meat Processors Association, a trade association, to disclose its membership in violation of the First Amendment. The district court rejected the Association's First Amendment claim. We affirm. We find that the government sustained its burden of showing a compelling state interest in the subject matter of the investigation and a sufficient nexus between the information sought and the subject matter of the investigation. See Bursey v. United States, 466 F.2d 1059, 1083 (9th Cir. 1972); Glass v. Heyd, 457 F.2d 562 (5th Cir. 1972).
 
 
 6
 The federal grand jury was called to investigate suspected violations of 18 U.S.C. § 1962 by the five businesses named in the subpoena and persons associated with them. Section 1962 is directed at limiting the influence of organized crime and racketeering in enterprises which affect interstate commerce. The prohibited activities under § 1962 are the investment of proceeds from racketeering activity in an enterprise which affects interstate commerce and the gaining of control or participation in the operation of such an enterprise through a pattern of racketeering activity. The record demonstrates that the government has a legitimate and compelling interest in combating these activities. Cf. Bursey v. United States, supra at 1086; Glass v. Heyd, supra at 564.
 
 
 7
 The government has also sustained its burden of showing a sufficient nexus between the information sought and the subject matter of the investigation. In its investigation of whether the named businesses and persons associated with them have violated § 1962, the grand jury requested information concerning ownership, capital investment, bank accounts, indebtedness, funding, employees, officers and agents. All of this information is directly related to the subject matter of the investigation investment, control or participation by racketeers in an enterprise which affects interstate commerce.
 
 
 8
 In support of their motion to quash or modify the subpoena, appellants raised several other issues. In a written opinion, Judge Hunter considered each of these issues and found them to be without merit. On appeal these same issues are raised; we agree with Judge Hunter that they are without merit and affirm on the basis of his opinion.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri
 
 
 [2]
 This appeal was filed pursuant to 28 U.S.C. § 1291. The government has previously challenged this court's jurisdiction to hear the appeal under United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); Cobbeldick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); and Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). These decisions hold the denial of a motion to quash is not an appealable order. On January 17, 1977, this court overruled the motion challenging jurisdiction, since the subpoena was directed to a third party, Patrick Faltico, who could not be expected to expose himself to the penalty of contempt in order to obtain appellate review. Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918)