## STATE of Maine

### v.

### Robert GROVER.

Supreme Judicial Court of Maine.

May 31, 1978.

Michael D. Seitzinger (orally), Asst. Atty. Gen., James Brannigan, Asst. Atty. Gen., Augusta, for plaintiff.

Grossman, Faber & Miller, P.A. by Edward B. Miller (orally), Rockland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

The appellant, Robert Grover, was subpoenaed to testify and produce records before a Knox County Grand Jury in regard to an investigation concerning appellant's business. Appellant moved to quash the subpoena, which motion was denied. Appellant now seeks to appeal the denial of that motion in the face of the State's contention that the appeal should be dismissed pursuant to M.R.Crim.P. 57(a). The State argues that this Court is without jurisdiction to entertain the appeal.

We agree with the State. Accordingly, the appeal must be dismissed.

Appellant cites no authority, and we find none, conferring the right on a *witness* to appeal the denial of a motion to quash a subpoena *duces tecum* directing such witness to appear before a grand jury. 15 M.R.S.A. § 2115 and M.R.Crim.P. 37A both recognize the right of a *defendant* to take an interlocutory appeal in some circumstances. The statute and the rule, however, speak only in terms of "defendants." Appellant is not a defendant in any case.

We note finally that the Supreme Court of the United States has consistently refused to allow appeals under the circumstances presented in this case. *E. g. United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29

L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). Given the lack of statutory authority in Maine authorizing such appeals, we find the reasoning of the cases above persuasive.

. . . [O]ne to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey. *United States v. Ryan, supra* 402 U.S. at 532, 91 S.Ct. at 1581.

Appellate review at this stage of the proceedings is not an alternative to those two options.

The entry must be:

Appeal dismissed.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

NICHOLS, J., did not sit.