# NEW YORK TIMES CO. ET AL. *v.* JASCALEVICH

No. A–38. Decided July 11, 1978

MR. JUSTICE WHITE.

Since MR. JUSTICE BRENNAN has disqualified himself in this matter, I have before me an application for stay of an order of the Supreme Court of New Jersey of July 6, 1978, which refused to stay and denied leave to appeal from an order of a state trial court refusing to quash a subpoena issued in the course of an ongoing criminal trial for murder. The order of the trial court, issued June 30, ordered the New York Times Co. and Myron Farber, a reporter for the New York Times, to produce certain documents covered by a subpoena served upon them in New York pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings, N. J. Stat. Ann. §§ 2A:81–18 to 2A: 81–23 (West 1976). The subpoena was issued at the behest of the defendant in the New Jersey murder trial; and the documents, which were sought for the purpose of cross-examining prosecution witnesses, included statements, pictures, recordings, and notes of interviews with respect to witnesses for the defense or prosecution. The subpoena was challenged by applicants on the grounds that it was overbroad and sought irrelevant material and hence was illegal under state law; that it violated the state Reporter's Shield Law; and that it invaded rights of the reporter and the press protected by the First Amendment to the United States Constitution.

In denying the motion to quash and in ordering *in camera*

1301

inspection, the trial judge, having already certified that the documents sought were "necessary and material for the defendant in this criminal proceeding," stated that when the materials had been produced for his inspection, he would afford applicants a full hearing on the issues, including the state-law issues of the scope of the subpoena and the materiality of the documents sought, as well as upon the claim under the state Shield Law.

I cannot with confidence predict that four Members of the Court would now vote to grant a petition for certiorari at this stage of the proceedings. Orders denying motions to quash subpoenas are not usually appealable in the federal court system, *United States* v. *Nixon,* 418 U. S. 683, 690–691 (1974); *United States* v. *Ryan,* 402 U. S. 530, 532 (1971); *Cobbledick* v. *United States,* 309 U. S. 323, 324–326 (1940); *Alexander* v. *United States,* 201 U. S. 117 (1906), and since leave to appeal was denied in this case it may be that such orders are not appealable in the New Jersey system. The applicants insist that, as a constitutional matter, the rule must be different where, as here, the subpoena runs against a reporter and the press, and that more basis for enforcing the subpoena must be shown than appears in this record. There is no present authority in this Court that a newsman need not produce documents material to the prosecution or defense of a criminal case, cf. *Branzburg* v. *Hayes,* 408 U. S. 665 (1972), or that the obligation to obey an otherwise valid subpoena served on a newsman is conditioned upon the showing of special circumstances. But if the Court is to address the issue tendered by applicants, it appears to me that it would prefer to do so at a later stage in these proceedings. The asserted federal issue might not survive the trial court's *in camera* inspection should applicants prevail on any of their state-law issues. Nor, in light of the trial court's evident views that the documents sought appear sufficiently material to warrant *in camera* in-

spection, do I perceive any irreparable injury to applicants' rights that would warrant staying the enforcement of the subpoena at this juncture. Cf. *United States* v. *Nixon, supra,* at 714.

The application for stay is denied. Of course, applicants are free to seek relief from another Justice.