## In re GRAND JURY PROCEEDINGS.

### Appeal of FMC CORPORATION.

### No. 79–1479.

United States Court of Appeals,
Third Circuit.

Argued June 8, 1979.
Decided July 18, 1979.

Thomas A. Bergstrom (argued), Philadelphia, Pa., for appellant FMC Corporation.

Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr. (argued), Asst. U. S. Atty., Chief, Appellate Division, William B. Lytton (argued), Asst. U. S. Atty., Jane Barrett McEvoy, Sp. Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In February .1979, seven employees of FMC Corporation were subpoenaed to testify before a federal grand jury sitting in Philadelphia. The employees and their employer jointly filed a motion to quash the subpoenas and terminate the proceedings on the ground that the government had filed a false *Schofield* affidavit [1] in March, 1977 to obtain certain records and documents compiled by the corporation. The district court held a hearing, made findings of fact and conclusions of law, and thereafter denied the motion. FMC alone appealed.

FMC contends that it has standing to prosecute this appeal because the witnesses are to be questioned about documents which it had sought to have returned. Disclosure of the documents' contents by the employee witnesses would thus dilute the relief sought by FMC in asking for the return of the papers. We have this day dismissed the appeal from the denial of that motion for want of jurisdiction, *In re Grand Jury Proceedings (FMC Corp.),* 604 F.2d 806 (No. 79–1017 3d Cir. 1979) (per curiam).

As a general rule, orders refusing to quash subpoenas are not appealable. Only after a witness has been found in contempt will an appellate court entertain his case. *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States,* 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). An exception does exist for the owner of a privilege or of property who may appeal such an order as an intervenor. *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). As we said in *In re Grand Jury Proceedings (Cianfrani),* 563 F.2d 577, 580 (3d Cir. 1977), "[r]easoning pragmatically that a witness will not usually undergo the penalties of contempt in order to preserve someone else's privilege, the courts permit appeal by an intervenor without the necessity of a sentence for contempt." That exception, however, has not been demonstrated to be applicable here, inasmuch as it is the government, and not the subpoenaed employees, which is in possession of the demanded documents.

In *In re Grand Jury Empanelled February 14, 1978 (Colucci),* 597 F.2d 851 (3d Cir. 1979), we noted that an employer does not have the authority to prohibit an employee from complying with a subpoena. Hence, the fact that the subpoenas were directed to its employees confers no standing on FMC, *qua* employer, to bring this appeal. Nor did it have standing in 1979 to assert a confidentiality privilege as to the documents which it had surrendered to the grand jury in 1977. Once waived, the privilege cannot be asserted at a later date. *See In re: Grand Jury Investigation of Ocean Transportation,* 196 U.S.App.D.C. ——, 604 F.2d 672, (1979) (per curiam); *In re Horowitz,* 482 F.2d 72, 81 (2d Cir.), *cert. denied,* 414 U.S. 1052, 94 S.Ct. 64, 38 L.Ed.2d 86 (1973). Since there no longer was a privilege as to the documents them-

---

1. In *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 93 (3d Cir. 1973), we held that when a grand jury subpoena is challenged, it is reasonable "that the Government be required to make some preliminary showing by affidavit that each item is at least relevant to an investi-

gation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose." In essence, FMC argues that the affidavit submitted to the district court to obtain the subject documents was fraudulent.

selves, none would extend to a witness who would testify as to their contents.

■ FMC contends that the documents were acquired through the use of a false *Schofield* affidavit and, therefore, the government is not entitled to use them or their contents. That claim for exclusion, however, rises no higher than one barring evidence obtained through violations of the Fourth Amendment, and yet a witness may not invoke that ground as a basis for refusal to testify before a grand jury. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

FMC is not without its remedies. It may take appropriate steps to assert the alleged illegality of the prosecution's actions when, and if, an indictment is returned. It may not, however, delay grand jury proceedings at this preliminary stage.

There being no basis for invocation of the *Perlman* exception, FMC lacks standing and, accordingly, the appeal will be dismissed for lack of jurisdiction. The mandate shall issue forthwith.

---

1. In *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 93 (3d Cir. 1973), we held that

when a grand jury subpoena is challenged, it is reasonable "that the Government be required