In re GRAND JURY SUBPOENA SERVED UPON Swami Prem NIREN, Esq.,

UNITED STATES of America, Petitioner-Appellee,

v.

Swami Prem NIREN, Witness,

a Rajneesh Neo-Sannyas International Commune, Intervenor-Appellant.

No. 86–3588.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1986.

Decided March 13, 1986.

Charles Turner, U.S. Atty., Robert Weaver, William Youngman, Asst. U.S. Atty., Portland, Or., for petitioner-appellee.

John S. Ransom, Ransom, Blackman & Simson, Portland, Or., Brian O'Neill, O'Neill & Lysaght, Santa Monica, Cal., for intervenor-appellant.

### ORDER

The government's motion to dismiss this appeal for lack of jurisdiction is GRANTED. *See In re Grand Jury Proceedings (Fine),* 641 F.2d 199, 203 n. 3 (5th Cir.1981). A written opinion will follow.

Appeal from the United States District Court for the District of Oregon.

Before WRIGHT, TANG and POOLE, Circuit Judges.

PER CURIAM:

In this emergency motion, we are concerned with the appealability of Intervenor Rajneesh Neo-Sannyas International Commune's (RNSIC) motion to quash a grand jury subpoena directed to Swami Prem Niren, its in-house counsel. RNSIC asserts the attorney-client and work product privileges, arguing that the questions concern privileged communications between RNSIC and Niren. Finding lack of appealability, we grant the government's motion to dismiss.

BACKGROUND

Several members of the RNSIC are the targets of a federal grand jury investigation. The grand jury is investigating the circumstances surrounding Bhagwan Shree Rajneesh's departure from his Oregon commune shortly before an indictment was returned against him. This investigation is directed to determine whether members of RNSIC committed the crimes of harboring a fugitive, 18 U.S.C. § 1071, or aiding and abetting interstate flight to avoid prosecution, 18 U.S.C. §§ 1072 and 1073.

On December 11, 1985, Niren, RNSIC's in-house counsel, was subpoenaed to testify before the grand jury. The district court denied Niren's motion to quash the subpoena.

Niren appeared before the grand jury but refused to answer questions, asserting the attorney-client privilege, the work-product privilege, and the privilege against self-incrimination. The district court granted the government's motion to compel Niren's testimony. On January 15, 1986, Niren appeared before the grand jury and again refused to answer the questions on the same grounds.

On January 15, 1986, Niren was granted immunity under 18 U.S.C. § 6002. He then revealed one source but refused to divulge from whom that source had received its information.

RNSIC then moved to intervene to preclude further testimony by Niren. The motion was granted. The court also granted the government's motion to compel Niren's testimony.

On February 11, 1986, RNSIC filed a notice of appeal. On February 22, 1986, the district court granted RNSIC's motion for a stay of its compulsion order pending appeal. The government now brings this emergency motion because the grand jury is scheduled to reconvene on March 11, 1986.

ANALYSIS

■ Ordinarily, appellate jurisdiction to review the denial of a motion to quash a grand jury subpoena does not lie unless and until the witness has been held in contempt. *United States v. Ryan*, 402 U.S. 530, 532–33, 91 S.Ct. 1580, 1581–82, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 330, 60 S.Ct. 540, 543, 84 L.Ed. 783 (1940). The Supreme Court has recognized an exception to the general rule where the subpoenaed party cannot be expected to risk a contempt citation in order to protect the interests of a powerless third party. *See Perlman v. United States*, 247 U.S. 7, 15, 38 S.Ct. 417, 420, 62 L.Ed. 950 (1918).

■ We have applied this exception to cases in which the subpoena is directed to a third party's attorney. *See, e.g., In re Grand Jury Subpoenas Duces Tecum, (Lahodny)*, 695 F.2d 363, 365 (9th Cir. 1982); *see also In re Grand Jury Proceedings (Fine)*, 641 F.2d 199, 203 (5th Cir. 1981); *In re Grand Jury Proceedings, (FMC Corp.)*, 604 F.2d 798, 800–01 (3d Cir. 1979); *Velsicol Chemical Corp. v. Parsons*, 561 F.2d 671, 674 (7th Cir.1977), *cert. denied*, 435 U.S. 942, 98 S.Ct. 1521, 55 L.Ed.2d 538 (1978).[1]

Here, the government contends that the *Perlman* exception should not apply where

the witness is the third party's in-house counsel. We agree.

Counsel for RNSIC has not cited any reported case which would extend *Perlman* to this situation. Nor have we found any. In an analogous setting, we note a general reluctance to extend the *Perlman* exception where the witness is an employee of the third party appealing the order. *See National Super Spuds, Inc. v. New York Mercantile Exchange*, 591 F.2d 174, 179–80 (2d Cir.1979) (Friendly, J.).

In *In re Grand Jury Proceedings (Fine)*, the Fifth Circuit noted, without deciding, that the exception that allows an immediate appeal before a contempt citation would not extend to cases where the client exercises more direct control and responsibility over the attorney's actions. *Fine*, 641 F.2d at 203 n. 3. This refusal to extend *Perlman* to a case in which the witness is the third party's employee is based on agency principles.

Although the Second Circuit allows the third party immediately to appeal the denial of a motion to quash when the witness is outside counsel, *In re Grand Jury Proceedings (Katz)*, 623 F.2d 122, 124–25 (2d Cir.1980), it has noted that the exception becomes more difficult to sustain where the target of the disclosure order is both subject to the control of the person or entity asserting the privilege and is a participant in the relationship out of which the privilege emerges. *National Super Spuds*, 591 F.2d at 179–80 n. 7. There, the party compelled to testify was an employee of the Commodities Future Trading Commission (CFTC), the third party asserting a privilege, and acted on advice of CFTC counsel.

The court noted that, in such a situation, a "citation for civil contempt without any other immediate sanction pending prompt application for review will ordinarily suffice." *Id.* at 180. The court speculated

---

1. The First, Tenth and D.C. Circuits have interpreted the *Perlman* exception more narrowly and have refused to allow the intervenor to appeal unless and until the witness has been held in contempt. *See, e.g., In re Grand Jury Proceedings, (Vargas)*, 723 F.2d 1461, 1466 (10th Cir.1983); *In re Oberkoetter*, 612 F.2d 15, 17–19 (1st Cir.1980); *In re Sealed Case*, 655 F.2d 1298, 1302 (D.C.Cir.1981).

that sanctions might have been appropriate against the CFTC Chairman or Commission members who directed the employee to resist the court order. *Id.* at 180 n. 9.

Finally, in *In re Sealed Case*, 655 F.2d 1298 (D.C.Cir.1981), the court dismissed a corporation's request to review an order denying a motion to quash a grand jury subpoena where the corporation's in-house counsel had transferred documents to outside counsel, who refused to cooperate with the grand jury. The court said: "Since an employer exercises significant control over an in-house employee, the *Perlman* argument flags when an employer moves to quash a subpoena addressed to such an employee." *Id.* at 1301.

In conclusion, we agree with the government that *Perlman* should not be extended to the circumstances of this case. As the *In re Sealed Case* court wrote,

> [U]ntil the Supreme Court informs us that *Perlman* applies to more than a 'limited class of cases,' it is not our prerogative to enlarge the exception to accommodate the case at hand.

*Id.* at 1302.

The government's emergency motion to dismiss the appeal is GRANTED. The mandate will issue at once.