798 F.2d 1417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re WITNESS BEFORE GRAND JURY.
 No. 85-6083.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1986.
 
 Before KRUPANSKY and GUY, Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 In this in camera proceeding, the defendant-appellant, a witness subpoenaed to appear before a federal grand jury investigating the activities of her husband who was a principal suspect involved in a conspiracy to distribute cocaine and marijuana, appealed the district court's order foreclosing her from asserting the privilege against adverse spousal testimony and compelling her to testify as to events which transpired prior to their marriage.
 
 
 2
 The appellant became acquainted with her husband in February, 1983, and they were subsequently married on August 11, 1984. In March, 1984, the appellant was arrested by state officials on drug-related charges. In exchange for her cooperation in assisting the Attorney General and the F.B.I. in an investigation of a drug conspiracy, she was placed on probation and granted immunity from prosecution.
 
 
 3
 The appellant was subpoenaed by the government to appear as a witness before a grand jury on October 23, 1985. During her interrogation before the grand jury, she invoked the privilage of spousal immunity and refused to testify about drug related activities in which she and her husband were jointly involved prior to their marriage.
 
 
 4
 Thereafter, on November 20, 1985, she again appeared before the grand jury pursuant to a second government subpoena. She again refused to testify as to the activities of her husband which occurred prior to their marriage reasserting the spousal privilege. The Government thereupon filed with the district court a motion to compel testimony. The motion was heard by Judge Higgins on November 21-22, 1985. The trial judge determined that the privilege against adverse spousal testimony did not attach where the married couple were joint participants in a criminal enterprise, nor to events which transpired prior to the couple's marriage. Accordingly, the motion to compel was granted and the appellant was ordered to immediately return before the grand jury and testify on November 22, 1985. The appellant testified and disclosed the requested information to the grand jury rather than risk a contempt citation. Subsequently, on November 25, 1985, after having fully complied with the district court's order of November 22, the appellant appealed the district court's order which had compelled her testimony.
 
 
 5
 Prefatory to reviewing the substantive issues joined on appeal, this court is obliged to resolve the threshold jurisdictional issue presented herein. In United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582 (1971), the Supreme Court held that:
 
 
 6
 the necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal.
 
 
 7
 Additionally, the Sixth Circuit has announced that "an order compelling testimony or denying a motion to quash a grand jury subpoena is not appealable." In re Grand Jury Proceedings - Gordon, Witness, 772 F.2d 33, 305 (6th Cir. 1983), cert. denied, 104 S.Ct. 3524 (1984) (emphasis added). See also Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540 (1940). Accordingly it is apparent that "[a] party seeking to contest the validity of the trial court's order must refuse compliance, thereby inviting a contempt citation which, when imposed, becomes an appealable order." 722 F.2d at 306. Accord In re Grand Jury Proceedings-Vargas, 723 F.2d 1461, 1464 (10th Cir. 1983).
 
 
 8
 Inasmuch as the appellant elected to comply with the district court's order in lieu of submitting to the penalty of contempt, there exists no final appealable order which is cognizable by this court.
 
 
 9
 The appeal is hereby DISMISSED.
 
 
 
 *
 Hon. S. Arthur Spiegel, United States District Judge, United States District Court for the Southern District of Ohio, sitting by designation