813 F.2d 1227
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. GLAZEBROOK, Plaintiff-Appellant,
v.
J. Davis REED, Judge; Deputy Rouse; Dr. Easton; Sandra
Wiese; Jack Dewan; William Macali; Suzanne
Riegel; City of Virginia Beach,
Defendants-Appellees.
 No. 86-7353.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1987.
Decided March 9, 1987.
 
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 
 1
 William H. Glazebrook, appellant pro se.
 
 
 2
 Guy W. Horsley, Jr., Assistant Attorney General, for appellees Reed and Rouse.
 
 
 3
 John J. Brandt, Slenker, Brandt, Jennings & Johnston, for appellees Easton and Wiese.
 
 
 4
 Robert Q. Harris, Assistant Attorney General, for appellees Dewan, Macali, Riegel and City of Virginia Beach.
 
 PER CURIAM:
 
 5
 William Glazebrook, a Virginia inmate, filed a 42 U.S.C. SS 1983 complaint alleging that his constitutional rights had been violated by the defendants. Subsequently, Glazebrook filed a "Motion for Production of Documents." In response to that motion one of the defendants filed a "Motion for Protective Order," which would temporarily excuse him from responding to Glazebrook's discovery requests. The district court granted the protective order, and Glazebrook appeals that order.
 
 
 6
 Under 28 U.S.C. SS 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." ' Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The record before us indicates that final judgment has not yet been entered.
 
 
 7
 Nor is the challenged order appealable under the collateral order doctrine. Cohen v. Beneficial Industrial Loan Corp.)., 337 U.S. 541 (1949). Interlocutory review of discovery orders is proper only "where denial of immediate review would render impossible any review whatsoever of an individual's claims." United States v. Ryan, 402 U.S. 530, 533 (1971).
 
 
 8
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 9
 DISMISSED.