946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William John CLOUGH, aka J.R. Hollister, Bill H. Hames,
Frank Ralph, E. Edward, William L. Wilson, John
Doe, Defendant-Appellant.
 No. 90-16625.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1991.*
Decided Oct. 9, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Clough appeals the district court's determination that he had not purged himself of contempt for his failure to repatriate $180,000 to the United States. We affirm.
 
 BACKGROUND FACTS
 
 3
 Clough was indicted in 1973 on three counts of tax evasion in violation of 26 U.S.C. §§ 7201, 7206(1). The court sentenced Clough to a three year suspended sentence and a $100,000 fine. Also in 1973, the government instituted this civil action to recover $217,000 of taxes, interest and penalties that Clough had not paid. After a hearing on January 11, 1974, the district court ordered Clough to "repatriate to the United States $180,000 or the equivalent thereof, or, in the alternative, show cause on February 8, 1974 why he is unable to or may not be legally required to do so." Two weeks after the order was filed, Clough fled to Canada. On February 26, 1974 the district court issued a contempt order against him.
 
 
 4
 The United States authorities recaptured Clough in 1989. Clough was sentenced to three years in prison on the criminal conviction. When he was scheduled to be released to a halfway house in 1990, the district court ordered that he not be released but be remanded to the custody of the U.S. Marshal until bail or security of over $217,000 was posted. Clough challenged that order, and the district court held an evidentiary hearing on June 1, 1990.
 
 
 5
 On June 5, the district court found Clough in contempt of the 1974 order because he had failed to repatriate $180,000 to the United States. The court ordered that Clough "remain in the custody of the U.S. Marshal until he repatriate to the United States $180,000 or the equivalent thereof, or, in the alternative, show cause within ninety days why he is unable to or may not be legally required to do so."
 
 
 6
 On July 26, 1990, Clough filed a memorandum of points and authorities in response to the order to show cause. The court termed Clough's memorandum a motion to reconsider, and denied it without prejudice on August 15. On September 26, 1990, the court issued an order finding that Clough failed to meet his burden of proving that he could not comply with the order to repatriate the $180,000. Clough appeals. He seeks to attack evidentiary rulings made at the June 5, 1990 hearing and the June 26, 1990 determination that he did not purge himself of contempt.
 
 DISCUSSION
 
 7
 We lack jurisdiction to consider Clough's evidentiary challenges because Clough did not appeal the June 5, 1990 contempt order.[1] Fed.R.App.P. 4(a)(1) requires that Clough file his notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." In this case, the original contempt order was entered on June 5, 1990, but Clough did not file his notice of appeal until October 23, 1990, much later than the 30 day time limit. Clough's appeal is therefore untimely.[2]
 
 
 8
 The government argues that we also lack jurisdiction over Clough's appeal from the September 26, 1990 determination because it is not an appealable order. In Scott & Fetzer Co. v. Dile, 643 F.2d 670 (9th Cir.1981), we summarily rejected the argument that an appeal cannot be taken from an order refusing to reconsider a contempt finding. Id. at 672 n. 3. See also Sanchez v. United States, 725 F.2d 29, 30 (2d Cir.1984); Simkin v. United States, 715 F.2d 34, 36 (2d Cir.1983); In re Grand Jury Investigation (Braun), 600 F.2d 420, 422 (3d Cir.1979). In each of the latter three cases the courts allowed an appeal from the determination that the defendant had not justified termination of his confinement. While they did not specifically discuss jurisdiction, they reached a reasonable result because if the defendant had, in fact, shown that confinement should be terminated but the district court found to the contrary, the result could be continued incarceration with no possibility of proper review.[3]
 
 
 9
 However, because Clough failed to prove that he could not repatriate the funds, the district court did not err by refusing to purge him of contempt. Once a person is found to be in contempt of a court order, he may assert a present inability to comply with the order. United States v. Rylander, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983). The defendant must show " 'categorically and in detail' why he is unable to comply." N.L.R.B. v. Trans Ocean Export Packing, Inc., 473 F.2d 612, 616 (9th Cir.1973) (citations omitted). As proof of his inability to comply, Clough submitted two affidavits: one by himself and one by his wife. He also testified at his June 1 hearing.
 
 
 10
 The court found incredible Clough's claim that he had made all reasonable efforts to comply, but could not comply because he had given all of his property to his wife pursuant to a power of attorney. The court stated that it was "not convinced that the power of attorney [was] irrevocable and that defendant [was] unable to comply with the repatriation order." A defendant fails to prove his inability to comply "by evidence or by his own denials which the court finds incredible in context." Maggio v. Zeitz, 333 U.S. 56, 75-76, 68 S.Ct. 401, 411, 92 L.Ed. 476 (1948). The district court did not err. See United States v. Kerr, 876 F.2d 1440, 1444 (9th Cir.1989) (even when skeptical, we do not disturb credibility determinations). In any event, we are no more impressed with Clough's story than the district court was.[4]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Clough argues that the district court erroneously admitted the hearsay testimony of Internal Revenue Service Special Agent Antony Falcone and Probation Officer Katherine McQueen at the June 1 hearing
 
 
 [2]
 The district court granted Clough 90 days within which to show cause why he could not or should not have to meet the repatriation of funds conditions, but that did not affect the finality of the order itself
 
 
 [3]
 There are times when review of conditions might be undertaken on a habeas corpus petition. United States v. Hallahan, 768 F.2d 754, 755 (6th Cir.1985), cert. denied, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986). Hallahan failed to obtain relief because he sought to attack an order setting the conditions for purging that contempt, even though he never appealed from the contempt order itself. Here, however, it is not the conditions that are in question; it is the issue of whether the district court erred in deciding that the condition had not been complied with
 
 
 [4]
 Unexplained, for example, was how an agent who held another person's power of attorney could legally transfer all of the other's property to herself and legally refuse to return it. Further, there was no showing of a good faith effort to retrieve the property. See United States v. Ryan, 402 U.S. 530, 534, 91 S.Ct. 1580, 1583, 29 L.Ed.2d 85 (1971)