[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10612

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LENA D. COTTON,

PROFESSIONAL ACCOUNTING LDC, LLC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 9:17-cv-80518-DMM

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants, Lena Cotton and Professional Accounting LDC, LLC ("PALDC"), appeal the district court's permanent injunction enjoining them from, among other things, preparing federal tax returns. The district court cited two sources of authority for its power to issue this injunction: (1) the court's inherent power to enforce its orders through a finding of civil contempt and (2) the court's statutory authority under I.R.C. §§ 7402(a), 7407, and 7408. Appellants argue on appeal that the district court erred in two ways. First, it erred by finding Appellants in contempt because evidence showed that they had made good faith efforts to substantially comply with the district court's orders. Second, it abused its discretion by issuing a broad permanent injunction that barred them from preparing tax returns.

## I.

District courts have "inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). We review a district court's finding of civil contempt for abuse of discretion. *Id.* We also review a district court's decision to grant an injunction and the scope of the injunction for abuse of discretion. *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1208 (11th Cir. 2008). "Determinations of law are reviewed *de novo*, while the findings of fact that support an injunction are reviewed for clear error." *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 731 (11th Cir. 2005).

A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004); *see also McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) ("[T]he abuse of discretion standard of review recognizes that . . . there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make."). An abuse of discretion may also occur when "the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does

not result in any offsetting gain to anyone else or society at large." *Klay*, 376 F.3d at 1096.

We may affirm the district court's injunction on any ground that appears in the record. *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1517 (11th Cir. 1994) (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 n.12, 104 S. Ct. 1495, 1501 n.12 (1984)). Here, the district court cited two bases for its authority—its inherent contempt power and its statutory authority under the Internal Revenue Code—and we may affirm on either ground.

Because we write only for the parties who are familiar with the facts and proceedings in this case, we relate only those facts necessary to understand our decision.

## II.

Appellants' first argument on appeal is that the district court erred by finding them in contempt. A court may find a party in contempt "only upon a showing that the alleged contempt is *clear and convincing*." *Ga. Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Id.* Here, Appellants concede that the district court's injunction is (1) valid and lawful and (2) clear and unambiguous, and they only dispute their ability to comply. A party may "demonstrate an inability to com-

20-14018                Opinion of the Court                5

ply only by showing that they have made 'in good faith all reasonable efforts to comply.'" *Citronelle–Mobile Gathering, Inc.*, 943 F.2d at 1301 (quoting *United States v. Ryan*, 402 U.S. 530, 534, 91 S. Ct. 1580, 1583 (1971)).

Appellants assert that they substantially complied with the district court's orders; that, while some of their actions may have been imprudent, they acted in good faith; and that the district court improperly held them accountable for the actions of independent third parties (the Non-Parties). However, our review of the district court's decision (Dist. Ct. Doc. 156), the briefs of the parties, and the record evidence persuades us that Appellants' arguments are wholly without merit.

It is true, and the district court so found, that Appellants did substantially comply with discrete parts of the district court's prior orders. However, after a comprehensive discussion of the evidence, the district court found:

> In addition to attempting to circumvent my prior Orders through Non-Parties by, in effect, employing and overseeing Non-Parties and then retaining a great deal of the profits on the returns prepared by them, Defendants committed other violations of my prior Orders [then listing same].

Dist. Ct. Doc. 156 at 11. Earlier in the decision, the district court had previewed this finding:

> Based on the testimony at the hearing and my credibility assessments of the same, I find that, since March 4, 2019, Defendants, individually and through Non-Parties, have at-

tempted to circumvent the terms of the Injunction and the March 4, 2019 and August 15, 2019 Orders and have, in some cases, violated the restrictions placed upon them by those Orders . . . .

Dist. Ct. Doc. 156 at 4.  While Appellants' briefs on appeal point to a few provisions of the Orders with which they arguably did substantially comply, and while they assert in conclusory fashion that they did not control or supervise the Non-Parties and otherwise acted in good faith, the Appellants fall far short of persuading us that the district court's findings were clearly erroneous.

In sum, we readily reject Appellants' first argument that the district court erred by finding them in contempt.[1]

---

[1] Moreover, as noted in the Government's response brief, the district court relied not only on its inherent powers to enforce its orders through a finding of civil contempt, but also on its statutory authority under I.R.C. § 7402(a). We agree that the district court also had statutory authority under § 7402(a) to issue the instant injunction, and we agree that § 7402(a) constitutes a separate and independent ground for affirmance.  Section 7402(a) of the Internal Revenue Code grants district courts broad authority to issue injunctions, among other remedies, "as may be necessary or appropriate for the enforcement of the internal revenue laws."  See United States v. Askins & Miller Orthopaedics, P.A., 924 F.3d 1348, 1354 (11th Cir. 2019) ("Section 7402(a) of the Internal Revenue Code grants federal district courts an array of powers to aid in enforcing the tax laws . . . ."); United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984) ("The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws.").  A district court may issue an injunction under § 7402(a) without

## III.

Appellants' second argument on appeal is that the district court abused its discretion by issuing an overbroad injunction that permanently enjoined them from preparing federal tax returns. We review both the district court's decision to grant an injunction and the scope of the injunction for abuse of discretion. *Angel Flight*, 522 F.3d at 1208. We review the district court's determinations of law *de novo*, and its findings of fact underlying the injunction for clear error. *ETS Payphones*, 408 F.3d at 731. Here, we cannot conclude that the district court abused its discretion by

---

finding that the enjoined party "has violated a particular Internal Revenue Code section." *Ernst & Whinney*, 735 F.2d at 1300. A district court's "decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy." *Id.* at 1301. The party requesting a permanent injunction must prove (1) irreparable injury, (2) inadequate remedies at law, (3) the equitable remedy is warranted by the balance of hardships between the plaintiff and defendant, and (4) the permanent injunction would not disserve the public interest. *Angel Flight*, 522 F.3d at 1208.

Here, the Appellants do not dispute that § 7402(a) authorized the district court to issue the permanent injunction. Rather, Appellants argue that the district court relied primarily on its contempt power when it issued the permanent injunction and that a narrower injunction would be more appropriate because contempt power is intended only to ensure compliance, not to punish good faith compliance efforts that fall short. We address and reject this argument of Appellants as part of our discussion in the next section which addresses Appellants' second argument.

issuing the injunction or by deciding to bar Appellants permanently from preparing federal tax returns.

The district court thoroughly explained how the permanent injunction satisfied the four equitable principles that govern injunctions under I.R.C. § 7402(a). First, it found that the Government has shown irreparable harm because Defendants had repeatedly violated the district court's prior orders, causing financial harm to the U.S. Treasury and undermining public trust in the tax system. Absent a permanent injunction, the Government would be forced to expend further resources to monitor Appellants. Second, Appellants had already violated two prior court orders, showing that a permanent injunction is needed because other remedies had been inadequate. Third, the balance of hardships weighs in favor of the Government. Appellant Cotton has a separate job in the healthcare industry that the injunction does not affect. Additionally, Appellants had every opportunity to comply with the district court's prior orders. Notably, the third injunction the district court issued warned Appellants that if they violated that order, "the remedy *shall* be a permanent ban on tax return preparation." Fourth, a permanent injunction serves the public interest because Appellants' conduct negatively impacted the federal tax system.

Appellants do not expressly contest the district court's weighing or consideration of these equitable factors.[2] Instead, they assert three errors: (1) that the permanent injunction could have been narrower pursuant to I.R.C. § 7407(b); (2) that the permanent injunction does not give Appellants an opportunity to purge their prior violations; and (3) that the injunction was overly broad in requiring Appellants to surrender their preparer tax identification numbers ("PTIN") and their electronic filing identification numbers ("EFIN"). None of these arguments, though, persuade us to conclude that the district court abused its discretion when weighing the four equitable factors that govern injunctions authorized by I.R.C. § 7402(a). *Ernst & Whinney*, 735 F.2d at 1301.

First, Appellants' reference to I.R.C. § 7407(b)(2) does not change how we evaluate the district court's authority under § 7402(a). Section 7407(b) authorizes district courts to issue injunctions if three conditions are met: "first, the defendant must be a tax preparer; second, the conduct complained of must fall with-

---

[2] In their reply brief, Appellants say, "Cotton and PALDC do not dispute that Internal Revenue Code, Section 7402(a) authorizes the court to enjoin an individual and an entity from preparing federal tax returns if the four prongs mentioned above are proven by clear and convincing evidence." Appellants then go on to argue that the district court misused its contempt power. But at no point do Appellants explicitly argue either that the district court (a) abused its discretion in evaluating the four equitable factors or (b) clearly erred by finding certain facts.

in one of the four areas of proscribed conduct, § 7407(b)(1); and third, the court must find that an injunction is ʻappropriate to prevent the recurrence' of the proscribed conduct, § 7407(b)(2)." *Ernst & Whinney*, 735 F.2d at 1303.  Appellants interpret this to mean that a district court may only issue a permanent injunction under § 7407(b) "if it finds that a narrower injunction would be insufficient to prevent further interference with the administration of tax laws."  But even if Appellants are correctly interpreting § 7407(b)'s limitations on district courts' authority under § 7407(b), such a limitation does not in turn restrict district courts' authority under § 7402(a).  The plain text of § 7402(a) says as much: "The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce [the internal revenue] laws."  Moreover, and most significantly, the district court expressly found that "Defendants' continued violations of my Orders indicate that any remedy short of a permanent injunction on return preparation is inadequate."  Dist. Ct. Doc. 156 at 14.  In other words, the district court expressly found that a narrower injunction would not be appropriate.  We cannot conclude that the district court abused its discretion in this regard.  Ample evidence supports the district court's conclusion that a narrower injunction would be inadequate.  Appellants had three opportunities to comply with three prior injunctions, and Appellants were found to have attempted to circumvent each.  In addition, the prior injunctions expressly warned Appellants that violations could result in a permanent ban on their ability to prepare federal tax returns.

Second, we reject Appellants' argument that the injunction must be quashed because it does not afford them an opportunity to purge.  Because § 7402(a) provides ample authority for the district court's permanent injunction in this case, we need not decide whether a district court's inherent power to enforce its orders through contempt must always provide an opportunity to purge, even when the court has found that any lesser remedy would be inadequate.  And, as noted above, ample evidence supports the district court's conclusion that "any remedy short of a permanent injunction" would be inadequate.

Third, although the Government addresses this argument—*i.e.,* that the district court abused its discretion by requiring Appellants to surrender their PTINs and EFINs—we doubt that Appellants have adequately preserved the alleged error for our review.  The Government requested that the district court enter an injunction requiring Appellants to surrender their PTINs and EFINs on three separate occasions: (1) in its initial complaint, (2) after the evidentiary hearing March 1, 2019 regarding the Government's first and second show cause motions, and (3) after the evidentiary hearing on September 30, 2020 regarding the Government's third show cause motion.  Therefore, Appellants had ample warning that the district court might require them to surrender their PTINs and EFINs.  But Appellants did not address this possibility until their Motion for Clarification and Reconsideration, which they filed after the district court entered the Final Injunction at issue here.

In any event, we readily conclude that the district court did not abuse its discretion.  We noted above that Appellants repeatedly attempted to circumvent the district court's injunctions.  A PTIN is necessary for a person to prepare returns for others, and an EFIN is necessary for a person to file returns electronically. Requiring surrender of those numbers is a common provision in similar contexts.  It aids in enforcing the restrictions in the Final Injunction and aids the Government's efforts in monitoring compliance.[3]

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

---

[3] The district court permanently enjoined Appellants from (1) preparing federal tax returns and (2) transferring or selling their customer lists to a group of Non-Parties with whom Appellants were affiliated.  In their briefs, Appellants argue that the injunction barring them from preparing federal tax returns is overbroad, but they say almost nothing concerning the second aspect of the injunction.  Accordingly, we cannot conclude that the district court abused its discretion by prohibiting Appellants from transferring or selling their customer lists to the specified group of Non-Parties in the order.