## In re GRAND JURY MATTER.

**Appeal of DISTRICT COUNCIL 33 HEALTH AND WELFARE FUND, District Council 33 Legal Fund and Earl Stout.**

### No. 84–1751.

United States Court of Appeals,
Third Circuit.

Argued May 1, 1985.
Decided Aug. 9, 1985.

Bruce L. Thall (Argued), Richard A. Sprague, Elliott G. Williams, Sprague, Thall & Albert, Philadelphia, Pa., for appellant.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Robert E. Welsh, Jr. (Argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, WEIS and ROSENN, Circuit Judges.

### OPINION OF THE COURT

SEITZ, Circuit Judge.

The appellants, District Council 33 Health and Welfare Fund, District Council 33 Legal Fund, and Earl Stout, appeal from an order of the district court denying their motion to quash a grand jury subpoena directed to District Council 33 of the American Federation of State, County and Municipal Employees ("District Council 33"). Appellate jurisdiction is asserted under 28 U.S.C. § 1291 (1982).

### I.

On August 21, 1984, District Council 33 was served with a subpoena duces tecum requiring it to produce the following documents:

> Any and all ledger books, accounting records, and other documents reflecting all cash receipts, cash disbursements, accounts receivable, and accounts payable for District Council 33, District Council Health and Welfare Fund, and District Council 33 Legal Fund, for the period 6/1/82 to the present.

District Council 33 is an unincorporated association representing over 12,000 employees of the City of Philadelphia. The Health and Welfare Fund and the Legal Fund are separate trusts that were established to provide certain benefits to the members of District Council 33. Earl Stout is the president of District Council 33 and the Chairman of the Board of Trustees for each Fund.

District Council 33, the two Funds, and Earl Stout moved to quash the subpoena duces tecum in the district court. The two Funds and Earl Stout were treated by the court as third party intervenors. Contending that the government was utilizing the grand jury process for the sole purpose of harassing Stout, the movants noted that a prior grand jury investigation, which resulted in the issuance of an indictment against Stout, had culminated in a directed judgment of acquittal after trial. Complying with a subpoena in connection with that earlier investigation had been costly and burdensome. Hence, the movants argued that they should not be required to comply with the subpoena because the government had not demonstrated a good faith basis for the grand jury investigation.

In response to the motion to quash, the government submitted a *Schofield* affidavit [1] in which it averred (1) that the grand jury was conducting an investigation into possible violations of various federal criminal statutes, including 18 U.S.C. § 1962 (1982) (RICO) and 18 U.S.C. § 1341 (1982) (mail fraud); (2) that the subpoened records were relevant and necessary to the grand jury investigation; (3) that the investigation was properly within the jurisdiction of the grand jury; (4) that there was no intent to harass; and (5) that the present investigation focused on allegations distinct from the earlier grand jury probe.

The district court denied the motion to quash, finding that the government had demonstrated the existence of a proper purpose for the subpoena through its *Schofield* affidavit. The movants thereafter petitioned the court to certify its order to permit an interlocutory appeal under 28 U.S.C. § 1292(b) (1982). When this petition was denied, the Health and Welfare Fund, the Legal Fund, and Earl Stout (collectively "the appellants") appealed to this court pursuant to 28 U.S.C. § 1291 (1982). District Council 33 is not among the parties bringing this appeal.

## II.

■ We turn initially to the government's motion to dismiss on the ground that the appellants lack standing to appeal. It is well-settled that the denial of a motion to quash a grand jury subpoena is ordinarily not a final order for the purpose of an appeal. Rather, finality is achieved when the party to whom the subpoena is directed disobeys its commands and is subsequently cited for contempt. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Alexander v. United States*, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). Where, however, a person lacks the opportunity to contest the subpoena by disobedience because it is not directed to him or her, an order denying a motion to quash is final as to that individual. *In re Grand Jury (C. Schmidt & Sons, Inc.)*, 619 F.2d 1022, 1024–27 (3d Cir.1980). The only remaining question is whether such a person, who is acting as an intervenor with respect to the subpoena, has standing to appeal.

■ We first address the standing question with respect to the individual appellant, Earl Stout. As our prior decisions indicate, an individual or entity claiming a property right or privilege in the subpoenaed documents has standing to contest the denial of a motion to quash the subpoena. *See, e.g., William T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 102–03 (3d Cir.1982) (accountant-client privilege). As the government correctly notes, Stout has failed to assert any personal property right or privilege at stake and, in fact, has claimed no legitimate interest whatsoever in the subpoenaed materials. Accordingly, we hold that he has no standing to pursue this appeal.

---

1. *See In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 93 (3d Cir.1973) and *In re Grand Jury Proceedings (Schofield II)*, 507 F.2d 963, 965 (3d Cir.), *cert. denied*, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975). The particular requirements of a *Schofield* affidavit are discussed *infra* § III.

The government further argues that the two remaining appellants, the Health and Welfare Fund and the Legal Fund, are without standing to appeal because they lack a proprietary interest in the subpoenaed materials. Arguably, however, the Funds may possess a proprietary interest in at least some of the records which District Council 33 was directed to produce. Because the standing constraints at issue here do not affect the subject matter jurisdiction of the federal courts, but rather, involve prudential limitations on the exercise of our jurisdiction, *see Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 79–81, 98 S.Ct. 2620, 2633–34, 57 L.Ed.2d 595 (1978), we will assume, without deciding, that the Funds have standing to appeal. Accordingly, we turn our attention to the merits of their appeal.

### III.

The Funds argue that the district court erred in holding that the government's *Schofield* affidavit was sufficient to establish a proper purpose for the grand jury subpoena. They contend that the government's affidavit was nothing more than a "mere boiler-plate recitation" of the *Schofield* language. In *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 93 (3d Cir.1973), this court set forth the minimum requirements that the government must satisfy to survive a challenge to a grand jury subpoena. Under *Schofield I*, the government must file an affidavit affirming that the items sought are relevant to a grand jury investigation, properly within its jurisdiction, and not sought primarily for another purpose. The government's affidavit, while not a model of particularity, does set forth each of the required elements.

The Funds contend, however, that in view of the conclusory nature of the government's affidavit, the district court should have ordered additional discovery to satisfy itself fully that the subpoenaed materials were sought in connection with a proper grand jury investigation. In our second *Schofield* opinion, *In re Grand Jury Proceedings (Schofield II)*, 507 F.2d 963, 965 (3d Cir.), *cert. denied*, 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975), we emphasized that "the decision to require additional investigation" beyond the *Schofield* affidavit, "is committed to the sound discretion of the district court." In deciding whether additional proceedings are warranted, the court must

> weigh the quite limited scope of an inquiry into abuse of the subpoena process, and the potential for delay, against any need for additional information which might cast doubt on the accuracy of the Government's representations.

507 F.2d at 965 (quoting *Schofield I*, 486 F.2d at 93).

■ Here, the fact that the government had unsuccessfully prosecuted Stout on similar charges in an earlier case must be weighed against the "limited scope of an inquiry into abuse of the subpoena process" and "the potential for delay." We do not believe that the district court abused its considerable discretion in denying the Funds' request for additional information. The Funds have put forth no evidence to substantiate their claims of harassment other than the government's prior prosecution of Stout. Given the generalized nature of their claims, the district court could reasonably have found that the *Schofield* affidavit sufficiently negates any intent on the part of the government to harass the individuals or entities involved in this appeal.

Finally, we are unpersuaded by the Funds' admittedly novel argument that the government should be required to demonstrate "some kernel of information" relevant to the commission of a specific crime before a grand jury subpoena may be enforced. The Supreme Court rejected a similar contention in *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972), a case involving a first amendment challenge to a grand jury subpoena of a

reporter's records and notes. The tremendous breadth of the grand jury's investigatory powers is underscored by the Court's often quoted comment that "[s]uch an investigation may triggered by tips, rumors, evidence proferred by the prosecutor, or the personal knowledge of the grand jurors." 408 U.S. at 701, 92 S.Ct. at 2667. Indeed, the grand jury is

> a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime. As has been said before, the identity of the offender, the precise nature of the offense, if there be one, normally are developed at the conclusion of the grand jury's labors, not at the beginning.

*Blair v. United States*, 250 U.S. 273, 282, 39 S.Ct. 468, 471, 63 L.Ed. 979 (1919).

Grand jury proceedings are entitled to "a presumption of regularity." *Schofield I*, 486 F.2d at 92. Thus, the party objecting to the enforcement of a grand jury subpoena has the burden of demonstrating some irregularity in those proceedings. *Id.* Should a party present credible evidence that a particular subpoena was issued to further an illegitimate purpose, the district court may in its discretion require additional justification for that subpoena under our existing *Schofield* rule. Consequently, we see no reason to expand the *Schofield* requirements to include a showing of the existence of a specific crime under investigation by the grand jury.

### IV.

Earl Stout's appeal from the district court's order denying the motion to quash the grand jury subpoena will be dismissed. The order of the district court will be affirmed as to the remaining appellants.